968 F.2d 1227
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Florencio SUGUI, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3075.
 United States Court of Appeals, Federal Circuit.
 May 18, 1992.
 
 Before LOURIE, Circuit Judge, EDWARD S. SMITH, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Florencio Sugui seeks review of the June 11, 1991, Initial Decision of the Administrative Judge in Docket No. SE08319110228, which became final when the Merit Systems Protection Board (Board) denied review on September 30, 1991, which sustained the Office of Personnel Management's decision denying his application for an annuity under the Civil Service Retirement Act (CSRA). We affirm.
 
 DISCUSSION
 
 2
 We review the Board's decision under a narrow standard, affirming the judgment unless it is arbitrary, capricious, an abuse of discretion, procedurally defective, or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). A party seeking entitlement to a retirement annuity must prove (1) that the party has at least 5 years of creditable civilian service and (2) that one of the last 2 years of service prior to separation was in a position covered by the CSRA. See 5 U.S.C. § 8333(a) and (b).
 
 
 3
 Sugui submitted information showing that he had served with the Philippine Constabulary during the period from February 25, 1927, to March 3, 1936, and with the Philippine Commonwealth Army from March 3, 1936, to October 18, 1937. The Board found that Sugui's claimed service was military, not civilian, and thus was excluded from coverage under the CSRA. Sugui argues that his service with the Philippine Constabulary was not military service. Even if such military service was creditable, Sugui has not shown that such service was covered by the CSRA.
 
 
 4
 Sugui bears the burden of producing evidence to support this annuity claim, see Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-41 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987), a burden he has not met here. Under these circumstances, we conclude that the Board's findings were supported by substantial evidence.